MEMORANDUM **
Ishwarpal Singh, a native and citizen of India, petitions for review of the Board of *380 Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we review de novo due process claims, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.
Substantial evidence supports the IJ’s finding that Singh did not demonstrate changed or extraordinary circumstances to excuse the untimely filing of his asylum application. See 8 C.F.R. § 1208.4(a)(4), (5); Ramadan v. Gonzales, 479 F.3d 646, 656-58 (9th Cir.2007) (per curiam). Accordingly, Singh’s asylum claim fails.
Substantial evidence supports the IJ’s adverse credibility determination because Singh admitted he lied in his original asylum application about his birth date and entry date into the United States. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003) (holding that identity and date of entry are “key elements of the asylum application” that must be credibly established by the applicant). Further, Singh admitted he lied about whether he was arrested and harmed by the Punjab police in 1999, and whether he was living and working in the Punjab until 2002, and these inconsistencies go to the heart of his claim. See Li, 378 F.3d at 963.
Because Singh’s CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that would compel a finding it is more likely than not he would be tortured if returned to India, substantial evidence supports the IJ’s denial of CAT protection. See Farah, 348 F.3d at 1156-1157.
Singh contends that his due process rights were violated because: (1) the IJ denied his former attorney’s motion to withdraw; (2) the IJ was biased; and (3) the IJ failed to provide a basis for denying CAT relief. These contentions fail because Singh did not demonstrate prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000). Further, Singh’s contention that his due process rights were violated because the IJ applied the wrong asylum standard is not supported by the record. See id. (requiring error to establish a due process violation).
We need not consider Singh’s contention that the IJ erred and abused his discretion in denying Singh’s application for failure to comply with the fingerprint requirement because the other grounds for denial are dispositive.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provid-